FILED
SUPERIOR COURT
OF GUAM

2018 JAN -8 PM 5: 02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0487-17-01 |
|---|---|
| vs. | DECISION AND ORDER |
| GERRY JOHN HOCOG, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on the People of Guam's Motion Concerning the Doctrine of Deliberate Ignorance. Attorney Joaquin C. Arriola represents Defendant Gerry John Hocog ("Defendant"). Assistant Deputy Attorney General James C. Collins represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 14, 2017, Defendant was indicted with the following charges: (1) Conspiracy to Promote Major Prison Contraband (Controlled Substance) (As a Second Degree Felony); (2) Receiving Bribes (As a Third Degree Felony); and (3) Official Misconduct (As a Misdemeanor). (Indictment, Sep. 14, 2017). These charges stem from a Mandana Drug Task Force investigation concerning the distribution of methamphetamine into the Department of Corrections. (Decl. of Matthew A. Phelps, Magistrate's Compl., Aug. 25, 2017). Although

*People v. Hocog*
Case No. CF0487-17-01
Decision and Order

Defendant was initially charged with twelve other co-defendants, the Court granted Defendant's Motion to Sever on October 25, 2017. *See* Dec. & Order, Oct. 26, 2017.

On October 13, 2017, the Government filed the instant motion, which includes a Decision and Order issued in a separate criminal matter by Judge Michael J. Bordallo on the same issue. On November 13, 2017, Defendant filed his Opposition. On November 20, 2017, the Government filed its Reply.

On November 29, 2017, the Court heard oral arguments on the motion, and subsequently placed the matter under advisement. Defendant remains in asserted status.[1]

## DISCUSSION

The Government "asks the Court to rule that 'deliberate ignorance' instructions similar to those found in the federal system, could . . . potentially be available at trial before this court, should evidence sufficient to support the delivery of such instructions come forward." (Mot. at 7, Oct. 13, 2017). Federal courts have held that "positive" knowledge is not necessarily required to satisfy the legal element of "knowingly" in criminal drug statutes. *See, e.g.,* *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) ("knowingly in criminal statutes is not limited to positive knowledge, but includes the state of mind of one who does not possess positive knowledge only because he consciously avoided it."). The Ninth Circuit's Model Criminal Jury Instructions define Deliberate Ignorance as:

> You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:
>
> 1. was aware of a high probability that [e.g., drugs were in the defendant's automobile], and
>
> 2. deliberately avoided learning the truth.
>
> You may not find such knowledge, however, if you find that the defendant actually believed that [e.g., no drugs were in the defendant's automobile], or if you find that the defendant was simply careless.

---

[1] Defendant asserted his right to speedy trial at Arraignment on October 4, 2017.

Guam law provides that:

> Except as authorized by [Guam Uniform Controlled Substances Act], it shall be unlawful for any person *knowingly or intentionally*: (1) to manufacture, deliver or possess with intent to manufacture, deliver or dispense a controlled substance.

9 G.C.A. § 67.401.1 (emphasis added).

> A person acts knowingly, or with knowledge, with respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

9 G.C.A. § 4.30(b). Additionally, Guam law defines causation as:

> (a) An element of an offense which requires that the defendant have caused a particular result is established when his conduct is an antecedent but for which the result would not have occurred, and,
>
> (1) if the offense requires that the defendant intentionally or knowingly caused the result, that the actual result, as it occurred,
>
> (A) is within the purpose of contemplation of the defendant, whether the purpose or contemplation extends to natural events or to the conduct of another, or, if not,
>
> (B) *involves the same kind of injury or harm as that designed or contemplated* and is not too remote, accidental in its occurrence or dependent on another's volitional act to have a just bearing on the defendant's liability or on the gravity of his offense;
>
> . . .

9 G.C.A. § 4.50 (emphasis added).

The Court is inclined to agree with its sibling court that the principle of "positive knowledge" is not an absolute requirement under 9 G.C.A. § 4.50. The Court finds that section 4.50(a)(1)(b)'s provision of "the same kind of injury or harm as that designed or contemplated" allows for a finding that Guam law does not foreclose a "deliberate ignorance" instruction. Therefore, the Court GRANTS the Government's Motion Concerning Doctrine of Deliberate Ignorance. Whether such an instruction will actually be given at trial, however, cannot be determined until evidence has been presented.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Government's Motion Concerning the Doctrine of Deliberate Ignorance. A Further Proceedings is set for _January 16, 2018_ at _2:30 pm_.

**IT IS SO ORDERED** this _8th_ day of January, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BO
I acknowledge that a copy of t'
original hereto was placed in i.
court box of:

Date: Time:

Deputy Clerk, Superior Court of Guam

*People v. Hocog*
Case No. CF0487-17-01
Decision and Order